KYSOR v. ALMA MOTOR CO.

1. Master and Servant—Contracts—Construction—Business of the Parties.

In the interpretation of a contract of employment entered into between an engineer and truck manufacturing companies the court may take into consideration the business in which both parties were engaged at the time the contract was entered into, as well as the business which it was contemplated should be continued.

2. Same—Contracts—Intent—Reservation as to Inventions Previously Started.

Reservation in contract of employment between an engineer and truck manufacturers whereby he agreed that all new and novel inventions pertaining to the truck or associated business of the companies which he conceived or obtained during the life of the contract should belong to them, "except any invention which has already been started before this employment," should be given effect, if the purpose intended to be expressed can be ascertained.

3. Patents—Definition of Invention.

An invention may be said to be a new idea of means created by the exercise of the inventive faculty for the attainment of some useful purpose; it is a mental result, a concept, a thing evolved from the mind, a product of the intellect, a new idea of means generated by the mind of the inventor, the embodiment of the inventive idea.

4. Same—Act of Invention.

The act of invention is the exercise of the inventive faculty resulting in the creation of a new idea of means, the finding out, the contriving, the creating of something which did not exist before, by an operation of the intellect; it is the creation of something which did not exist before, possessing the elements of novelty and utility in kind and measure different from, and greater than, what the art might expect from its skilled workers.

5. Pleading—Allegations of Bill Taken as True on Motion to Dismiss.

Allegations of a bill of complaint must be taken as true upon motion to dismiss.

6. Patents—Pleading—Allegations as to Inventions Previously Started.

Allegation in bill of complaint to rescind certain contracts and for reassignment of certain patent applications that invention relative to mechanical unit adapted for practical utilization in the application of power from the generating plant of a motor truck to turn each of the four wheels thereof had been started before contract of employment had been entered into and, therefore, was within exception to clause giving defendants proprietary rights in his inventions, must be accepted as true on motion to dismiss.

7. Same—Pleading—Assignment of Inventions—Exceptions in Contract of Employment—Fraud—Rescission.

Allegations in bill of complaint to rescind certain contracts and for reassignment of certain patent applications *held*, sufficient, if proved, to entitle plaintiff to rescission of assignments to defendants where it is alleged that he had started certain inventions before executing contract of employment with defendants which reserved to him previously started inventions and that subsequent contracts assigning the inventions were induced by fraud.

Appeal from Wayne; Chenot (James E.), J. Submitted June 16, 1939. (Docket No. 2, Calendar No. 40,377.) Decided September 5, 1939. Rehearing denied December 20, 1939.

Bill by Karl D. Kysor against Alma Motor Company and Alma Manufacturing Company, Michigan corporations, to rescind contracts, for an accounting and other relief. Bill dismissed. Plaintiff appeals. Reversed and remanded.

*Henry A. Platt,* for plaintiff.

*Davis & Pocock* (*Peter Pocock,* of counsel), for defendants.

Potter, J. Plaintiff filed a bill to rescind certain written contracts, for an accounting, and for a decree reassigning to him certain patent applications. Defendants made a motion to dismiss which the trial court sustained. Plaintiff appeals.

Defendants were engaged in the manufacture of four-wheel drive motor trucks and plaintiff was an engineer and entered the employment of defendants under a written contract. Under this contract, plaintiff agreed that all new and novel inventions pertaining to the truck or associated business of defendant companies which he conceived or obtained during the life of the contract should belong to defendants "except any invention which has already been started before this employment, shall be and become the property of first party." The defense to plaintiff's bill of complaint is that plaintiff possessed nothing and that this language in the contract is meaningless.

The contract was drawn by the parties and in the interpretation of the contract we have a right to take into consideration the business in which both plaintiff and defendants were engaged at the time the contract was entered into, as well as the business which it was contemplated should be continued. The exception is in a written contract in favor of plaintiff and cannot be ignored. It undoubtedly was placed in the contract for some purpose and whatever the purpose intended to be expressed by this reservation in the contract should, if ascertainable, be given effect. The contract may not be free from ambiguity. The question is, what did the parties to the contract mean when the same was entered into?

An invention may be said to be a new idea of means created by the exercise of the inventive faculty for the attainment of some useful purpose.

It is a mental result, a concept, a thing evolved from the mind, a product of the intellect, a new idea of means generated by the mind of the inventor, the embodiment of the inventive idea. It is neither an end, nor a combination of both means and end, but is a means for the attainment of an end. The act of invention is the exercise of the inventive faculty resulting in the creation of a new idea of means,—the finding out, the contriving, the creating of something which did not exist before, by an operation of the intellect. It is the creation of something which did not exist before, possessing the elements of novelty and utility in kind and measure different from, and greater than, what the art might expect from its skilled workers. 48 C. J. pp. 65, 66. Evidently, the idea of an invention involves the idea that it is something conceived and thought out.

The language of the contract excepts any invention which has already been *started*. It is difficult to find a definition of what may be meant by *started,* but we think that as applied to this case it may be defined as the beginning of a course of action which, if followed to a conclusion of the original, logical conception, would lead to the perfected product, the completion of a mechanical unit adapted for practical utilization in the application of power from the generating plant of the motor truck to turn each of the four wheels thereof. While it may not be true this language in the contract is sufficiently wide specifically to cover the inventions here involved, we must assume, based upon the allegations of the bill of complaint which must be taken as true upon a motion to dismiss, it does so apply. Defendants claim that even though the language in the original contract of employment above mentioned and discussed is sufficient to save to plaintiff a right to these inventions described in the patent applications men-

tioned in the bill of complaint, that by subsequent contract plaintiff parted with any rights which he may have had under the original contract to such inventions. The bill of complaint sufficiently charges that subsequent contracts made with plaintiff were induced by false representations and pretenses of defendants and that these inventions which he had started and which under the original contract may have belonged to him were procured to be assigned to defendants by reason of false and fraudulent representations. The allegations contained in the bill of complaint are sufficient, if proved, to entitle plaintiff to a rescission of the assignments by which these patent applications were transferred to defendants. 9 C. J. pp. 1183, 1196; 1 Black on Rescission and Cancellation (2d Ed.), p. 17 *et seq.* § 12; *Kirby* v. *Harrison,* 2 Ohio St. 326 (59 Am. Dec. 677); *Gillette* v. *Metzgar Register Co.,* 243 Mich. 48.

Decree of the trial court will be reversed, with costs, and the cause remanded for further proceedings.

Wiest, Bushnell, Sharpe, Chandler, North, and McAllister, JJ., concurred with Potter, J. Butzel, C. J., concurred in the result.